FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 15 2012 ★

LONG ISLAND OFFICE

JMM:CAO
F.#2007R01716

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

THOMAS DONOVAN,
LAWRENCE CLINE and
CHRISTOPHER CHALAVOUTIS,

                Defendants.

- - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. CR-12 0196
(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(1), 982(b)(1), 1343, 1349, 1956(h), 1957(a), 1957(b), 1957(d)(1), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

SEYBERT, J
LINDSAY, M.

THE GRAND JURY CHARGES:

INTRODUCTION

       At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendants and Their Companies

       1.    Defendant THOMAS DONOVAN was the Chief Executive Officer ("CEO") of Private Capital Group of Florida ("PCG Florida"). PCG Florida was a limited liability Florida corporation that was formed on or about December 1, 2005.

       2.    The defendant LAWRENCE CLINE was the President of PCG Florida. CLINE was also the president of Copperfield Investments LLC ("Copperfield"), a Delaware limited liability corporation that CLINE formed on or about March 9, 2004. The defendant THOMAS DONOVAN and CLINE managed PCG Florida and Copperfield (collectively, the "Private Entities").

3. The defendant CHRISTOPHER CHALAVOUTIS was the Chief Financial Officer ("CFO") of PCG Florida. CHALAVOUTIS provided accounting services for the Private Entities and for other companies owned and managed by the defendants THOMAS DONOVAN and LAWRENCE CLINE.

II. The Victim

4. Ficus Investments Inc. ("Ficus") was a Florida corporation that maintained its place of business in Windermere, Florida. Joseph Lewis was the beneficial owner of Ficus.

5. On or about and between April 5, 2004 and December 22, 2005, the defendants THOMAS DONOVAN and LAWRENCE CLINE, acting as representatives of the Private Entities, signed operating agreements with Ficus, through which Ficus loaned the Private Entities more than $250 million to purchase non-performing personal home mortgages. Upon the acquisition of the non-performing mortgages, the Private Entities assisted the individual borrowers to refinance their mortgages, and to rehabilitate their payment performance so that the mortgages were no longer categorized as "non-performing" and could be resold by the Private Entities for a profit. The non-performing mortgages were acquired individually or in bulk, commonly referred to as mortgage packages, from lending institutions using money loaned by Ficus.

6. FICUS required the defendants THOMAS DONOVAN, LAWRENCE CLINE and CHRISTOPHER CHALAVOUTIS to submit monthly

financial reports accounting for the disposition of the monies loaned by facsimile and electronic mail sent from the PCG Florida corporate offices in Cold Spring Harbor, New York and Jericho, New York, to Ficus's offices in Windemere, Florida.

III.     The Fraudulent Scheme

7. In or about and between February 2006 and March 2007, the defendants THOMAS DONOVAN, LAWRENCE CLINE and CHRISTOPHER CHALAVOUTIS devised a scheme to defraud Ficus by transferring more than $31 million from the Ficus and the Private Entities' accounts to accounts within their control for their personal use.

8. It was further a part of the scheme that the defendants THOMAS DONOVAN, LAWRENCE CLINE and CHRISTOPHER CHALAVOUTIS knowingly and intentionally concealed in the monthly reports that the approximately $31 million in funds received from Ficus had been misappropriated and used for the defendants' personal benefit.

9. It was further a part of the scheme that, on or about and between March 21, 2007 and July 23, 2007, the defendants THOMAS DONOVAN, LAWRENCE CLINE and CHRISTOPHER CHALAVOUTIS knowingly and intentionally transferred funds loaned by Ficus from the Private Entities accounts to accounts that they personally controlled.

3

COUNT ONE
(Conspiracy to Commit Wire Fraud)

10. The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

11. On or about and between February 1, 2006 and July 23, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants THOMAS DONOVAN, LAWRENCE CLINE and CHRISTOPHER CHALAVOUTIS, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud Ficus Investments, Inc. to obtain money and property from it by means of materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

COUNTS TWO THROUGH SIX
(Wire Fraud)

12. The allegations contained in paragraphs one through nine are realleged and incorporated as though fully set forth in this paragraph.

4

13. On or about and between March 14, 2007 and March 21, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants THOMAS DONOVAN, LAWRENCE CLINE and CHRISTOPHER CHALAVOUTIS, together with others, did knowingly and intentionally devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, one or more writings, signs, signals, pictures and sounds, as identified below:

| Count | Approximate Date | Wire Description | Wire Origin | Wire Destination |
|---|---|---|---|---|
| TWO | March 14, 2007 | Monthly Report | Jericho, NY | Windemere, FL |
| THREE | March 15, 2007 | Monthly Report | Jericho, NY | Windemere, FL |
| FOUR | March 21, 2007 | Wire Transfer | Jericho, NY | Vienna, Austria |
| FIVE | March 21, 2007 | Wire Transfer | Jericho, NY | Vienna, Austria |
| SIX | March 21, 2007 | Wire Transfer | Jericho, NY | Vienna, Austria |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

5

## COUNT SEVEN
(Money Laundering Conspiracy)

14. The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

15. On or about and between January 12, 2006 and January 1, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants THOMAS DONOVAN, LAWRENCE CLINE and CHRISTOPHER CHALAVOUTIS did knowingly and intentionally conspire to (a) conduct financial transactions affecting interstate commerce, to wit: wire transfer payments, which transactions in fact involved the proceeds of specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i), and (b) engage in monetary transactions in and affecting interstate and foreign commerce, to wit: wire transfer payments, in criminally derived property of a value greater than $10,000 that was derived from such specified unlawful activity, to wit: wire fraud, contrary to Title 18,

United States Code, Section 1343, all in violation of Title 18, United States Code, Section 1357.

(Title 18, United States Code, Sections 1956(h), 1957(d)(1) and 3551 et seq.)

## COUNT EIGHT
(Money Laundering)

16. The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

17. In or about and between March 2007 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants THOMAS DONOVAN, LAWRENCE CLINE and CHRISTOPHER CHALAVOUTIS did knowingly and intentionally engage and attempt to engage in monetary transactions in and affecting interstate commerce, to wit: wire transfer payments, in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1957(a), 1957(b), 1957(d)(1), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH SIX

18. The United States hereby gives notice to the defendants that, upon conviction of any of the offenses charged in Counts One through Six, the government will seek forfeiture in

7

accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offenses.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c)(1), to seek forfeiture of any

other property of the defendants, up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS SEVEN AND EIGHT

20. The United States hereby gives notice to the defendants that, upon conviction of any of the offenses charged in Counts Seven and Eight, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 982(a)(1), of all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956 or 1957, or conspiracy to commit such offenses, and all property traceable to such property, including but not limited to, a sum of money representing the amount of property involved in the offenses.

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

9

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants, up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM DBD-34
JUN. 85

No. #2007R01716

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

THOMAS DONOVAN,
LAWRENCE CLINE and
CHRISTOPHER CHALAVOUTIS,

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(1), 982(b)(1), 1343, 1349, 1956(h), 1957(a), 1957(b), 1957(d)(1), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 19* _____

_____
*Clerk*

*Bail, $* _____

CHRISTOPHER OTT, (631) 715-7870